**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-00302-REB-CBS

DAVID ALLEN BRASCHE, JR., a minor, by and through his Guardian, SALLY ORTEGA,

    Plaintiff,

v.

CITY OF WALSENBURG, a municipal corporation, et al.,

    Defendants.

## ORDER RE: DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS FOR SANCTIONS

**Blackburn, J.**

The matters before me are (1) **County Defendants' Motion to Dismiss** [#14], filed May 25, 2005; (2) **Motion to Dismiss** [#23], filed June 14, 2005; (3) **Motion for Sanctions under F.R.C.P. 11** [#8], filed May 16, 2005; and (4) **Motion for Sanctions Under F.R.C.P. 11** [#22], filed June 14, 2005.[1] I grant the motions to dismiss with respect to plaintiff's section 1983 claim, but decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims, which I remand to the state court.

---

[1] The County Defendants' Motion to Dismiss [#14] is filed on behalf of Huerfano County, the Huerfano County Sheriff's Department, Bruce Newman, David McCain, Robert Pacheco, Paul Zudar, Dan Duran, Kevin Vallejos, Charles Martinez, and Joe Hibpshman. The Motion to Dismiss [#23] is filed on behalf of the City of Walsenburg, the Walsenburg Police Department, Glyn Ramsey, John Rodriguez, Kurt Liebchen, Don Ortis, and Heather Pacheco. It does not appear that any motion has been filed on behalf of defendant Jennifer Pacheco. Nevertheless, the same deficiencies that warrant granting the motions to dismiss with respect to the section 1983 claim apply equally to any such claim against Jennifer Pacheco.

I deny the motions for sanctions.[2]

## I.  JURISDICTION

I have subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## II.  STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); ***see also Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003).  Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that he can prove no set of facts entitling him to relief.  ***See Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); ***Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.***, 24 F.3d 125, 128 (10th Cir. 1994).

## III.  ANALYSIS

---

[2] The issues raised by and inherent to all motions are fully briefed, obviating the necessity of jurisdictional discovery, evidentiary hearing, or oral argument.

Plaintiff David Allen Brasche, Jr., a minor, is the surviving child of Serina Lynn Ortega ("Ortega"), who was murdered in her home on July 6, 2003, by plaintiff's father, David Allen Brasche, Sr. ("Brasche"). At the time of the murder, Brasche was the subject of three outstanding warrants "related to domestic violence charges, restraining orders and probation violations." (Complaint at 4, ¶ 19.) Plaintiff alleges that the individual defendants, all Huerfano County law enforcement officers, knew Brasche "either by prior contact or by family relationship." (*Id*. at 4, ¶ 23.) He contends that defendants violated Ortega's right to substantive due process by failing to execute the warrants implicating Brasche.³ He also has alleged state law claims of willful and wanton conduct, wrongful death, and civil conspiracy. Because the section 1983 claim is the sole basis supporting federal jurisdiction in this case, I address it first.

Defendants argue that plaintiff cannot assert a claim for violation of Ortega's substantive due process rights based on the facts alleged in the complaint because they had no duty to protect Ortega from violence at Brasche's hands. The seminal case in this regard is ***DeShaney v. Winnebago County Department of Social Services***, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), in which the Court held that the substantive protections of the Due Process Clause do not require the states to shield individuals from privately inflicted harms:

> [N]othing in the language of the Due Process Clause itself

---

³ The operative paragraph of the complaint actually alleges that "The Defendants have violated the *four that* fourteenth amendments of the United States Constitution." (Complaint at 5, ¶ 31 (emphasis added).) The italicized language appears to be a typographical error. Plaintiff's response to the motion to dismiss does not make any suggestion that he has sought to allege a Fourth Amendment claim. I therefore will not address any such claim, except to note that the complaint does not appear to set forth facts stating a Fourth Amendment violation.

3

> requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means. Nor does history support such an expansive reading of the constitutional text. . . . Its purpose was to protect the people from the State, not to ensure that the State protected them from each other. . . .
>
> Consistent with these principles, our cases have recognized that the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual. . . .  If the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them. As a general matter, then, we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.

*Id.*, 109 S.Ct. at 1003-04 (internal citations and footnote omitted).[4] An exception to this general principle, on which plaintiff seeks to rely, is the state-created or enhanced danger exception. ***Uhlrig v. Harder***, 64 F.3d 567, 572 (10th Cir. 1995), ***cert. denied***, 116 S.Ct. 924 (1996); ***Sanders v. Board of County Commissioners of County of***

---

[4] Nothing in the Complaint suggests, and plaintiff does not argue, that he intends to plead a procedural due process claim. ***See Town of Castle Rock, Colorado v. Gonzales***, – U.S. –, 125 S.Ct. 2796, 2803, 162 L.Ed.2d 658 (2005) (noting that ***DeShaney*** left open the question of whether a plaintiff might be able to prove a procedural due process entitlement to protective services by virtue of state statutes).

4

*Jefferson, Colorado*, 192 F.Supp.2d 1094, 1107-08 (D. Colo. 2001).[5]  The Tenth Circuit has adopted a five-factor test for determining whether the state-created or enhanced danger exception applies:

> 1) whether plaintiff was a member of a limited and specifically definable group; 2) whether defendant's conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; 3) whether the risk to plaintiff was obvious or known; 4) whether defendant acted recklessly in conscious disregard of that risk; and 5) if such conduct, when viewed in total, "shocks the conscience" of federal judges.

*Sanders*, 192 F.Supp.2d at 1109.

Plaintiff cannot satisfy the second element of this test, which requires him to prove "'that the charged state entity and the charged individual defendant actors created the danger or increased . . . the danger in some way.'"  *Id*. (quoting *Armijo v. Wagon Mound Public Schools*, 159 F.3d 1253, 1263 (10th Cir. 1998)).  Stated differently, plaintiff must demonstrate that defendants

> "affirmatively plac[ed] [Ortega] in a position of danger, effectively stripping [her] of [her] ability to defend [herself], or cutting off potential sources of private aid.  Thus the environment created by the state actors must be dangerous; they must know it is dangerous; and to be liable, *they must have used their authority to create an opportunity that would not otherwise have existed for the third-party's [acts] to occur.*"

*Armijo*, 159 F.3d at 1263 (emphasis added; final alteration in original).  The complaint

---

[5] A second exception, the "special relationship" exception, applies only when the state has imposed limitations on a person's freedom to act on her own behalf.  *DeShaney*, 109 S.Ct. at 1005-06.  As no state-imposed involuntary restraint is alleged in this case, this exception is inapplicable, and plaintiff does not argue otherwise.  *See Sanders*, 192 F.Supp.2d at 1108.

5

does not allege this level of culpability on the part of defendants. It is clear that defendants did not create the danger, and indeed, the fact that Brasche was subject to outstanding warrants for domestic violence and violation of a restraining order suggests as much. "[I]f the danger to the plaintiff existed prior to the state's intervention, then even if the state put the plaintiff back in that same danger, the state would not be liable because it could not have created a danger that already existed." *Id*. Moreover, there is no allegation that fairly can be read to contend that defendants affirmatively enhanced the danger that Brasche already presented to Ortega.[6] Although their alleged nonfeasance in failing to execute the outstanding warrants ultimately may not have prevented Brasche from attacking Ortega, they did not affirmatively create an opportunity for "serious, immediate, and proximate" harm that would not have existed otherwise. *Cf. Sanders*, 192 F.Supp.2d at 1112 (complaint met second prong of five-factor test by alleging that defendants actively prevented rescuers from reaching decedent, proximately causing his death).

I therefore find that plaintiff has failed to allege a viable claim for violation of Ortega's substantive due process rights. The section 1983 claim is the only basis supporting original federal jurisdiction in this case. When all federal claims have been dismissed prior to trial, the court generally should decline to exercise supplemental jurisdiction over pendant state claims. *United States v. Botefuhr*, 309 F.3d 1263,

---

[6] Plaintiff argues that because the allegations of the complaint can fairly be read to infer that defendants did not execute the outstanding warrants against Brasche because of their personal and familial relationships with him, this case is not about failure to protect, but rather about dereliction of duty. The problem with this argument is that plaintiff is not complaining about defendants' alleged dereliction of duty in the abstract. Rather, plaintiff seeks relief based on the fact that defendants' dereliction of duty resulted in the failure to protect Ortega from Brasche's violence.

1273 (10th Cir. 2002). I find it appropriate to do so here, and thus will remand this case to the state district court from which it was removed. This decision pretermits determination of defendants' arguments regarding the substantive merits of plaintiff's state-law claims.

Defendants also have moved for sanctions pursuant to Fed.R.Civ.P. 11. Of course, sanctions are not available under this rule because the paper of which defendants complain was filed in state, not federal, court. *See Griffen v. City of Oklahoma City*, 3 F.3d 336, 339 (10th Cir. 1993). Moreover, although Colorado Rule of Civil Procedure 11, which is modeled after the federal rule, *Switzer v. Giron*, 852 P.2d 1320, 1321 (Colo. App. 1993), might provide an alternative basis for the relief defendants seek, I cannot say that plaintiff's arguments in support of his section 1983 claim, although ultimately unsuccessful, were not "warranted by . . . a good faith argument for the extension, modification, or reversal of existing law." **C.R.C.P.** 11(a). Accordingly, the motions for sanctions should be denied.

## IV. CONCLUSION

I find that plaintiff can prove no set of facts in support of his federal due process claim that would entitle him to relief, and therefore that dismissal is warranted pursuant to Fed.R.Civ.P. 12(b)(6). I exercise my discretion to decline supplemental jurisdiction over plaintiff's pendant state law claims and remand this case to the District Court of Huerfano County, Colorado, Civil Case No. 04CV121. The motions for sanctions under Fed.R.Civ.P. 11 are denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **County Defendants' Motion to Dismiss** [#14], filed May 25, 2005, is **GRANTED IN PART**;

2. That **Motion to Dismiss** [#23], filed June 14, 2005, is **GRANTED IN PART**;

3. That the motions to dismiss are **GRANTED** with respect to plaintiff's Second Claim for Relief (Violation of 42 U.S.C. 1983), and that claim is **DISMISSED WITH PREJUDICE**;

4. That the **Motion for Sanctions under F.R.C.P. 11** [#8], filed May 16, 2005, is **DENIED**;

5. That the **Motion for Sanctions Under F.R.C.P. 11** [#22], filed June 14, 2005, is **DENIED**; and

6. That this case is **REMANDED** to the District Court of Huerfano County, Colorado, Civil Case No. 04CV121.

Dated January 26, 2006, at Denver, Colorado.

                                      **BY THE COURT:**

                                      **s/ Robert E. Blackburn**
                                      **Robert E. Blackburn**
                                        **United States District Judge**